**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 17, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GLENN E. HURN,

          Petitioner-Appellant,

v.

COLLEEN L. MCGUIRE,
Commandant, United States
Disciplinary Barracks,

          Respondent-Appellee.

No. 05-3206

(D.C. No. 04-CV-3008-RDR)

(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **McKAY,** and **EBEL**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

Mr. Hurn appeals the district court's dismissal of his 28 U.S.C. § 2241

petition that alleged ineffective assistance of counsel due to the failure to raise a

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

speedy trial defense. On July 10, 1996, the military detained Mr. Hurn. On August 2, 1996, Mr. Hurn's counsel requested an inquiry into Mr. Hurn's mental capacity. Mr. Hurn was examined by a competency board and found that he was unfit to stand trial but that he was expected to be competent to stand trial after two or three months' medical treatment. The competency board reexamined Mr. Hurn on January 30, 1997, and found him competent to stand trial. Mr. Hurn was then arraigned on February 21, 1997. Following trial, Mr. Hurn was convicted by general court-martial of rape, forcible sodomy, indecent acts, four specifications of assault consummated by a battery, and indecent assault, all involving a child under sixteen years of age, and was sentenced to confinement for life. Mr. Hurn is currently an inmate in the United States Disciplinary Barracks at Fort Leavenworth, Kansas.

Mr. Hurn appealed his conviction to the Navy-Marine Corps Court of Criminal Appeals ("NMCCA"), alleging thirteen errors in the proceedings, none of which involved ineffective assistance of counsel or the right to a speedy trial. The NMCCA affirmed Mr. Hurn's conviction. Mr. Hurn then appealed to the United States Court of Appeals for the Armed Forces ("CAAF"), alleging twenty-one errors, none of which involved ineffective assistance of counsel or the right to a speedy trial. The CAAF affirmed Mr. Hurn's conviction. Mr. Hurn also petitioned the military courts for a writ of habeas corpus, and it was in these

proceedings that Mr. Hurn first raised the speedy trial defense. The military courts dismissed Mr. Hurn's habeas petition. Mr. Hurn now seeks relief in federal court under 28 U.S.C. § 2241, claiming that the delay between his pretrial confinement and his arraignment constituted a violation of his speedy trial rights and that his trial counsel was ineffective because he failed to inform Mr. Hurn of this right. Additionally, Mr. Hurn alleges that appellate counsel was ineffective because he failed to raise an ineffective assistance of counsel claim regarding the trial counsel's work. In a May 6, 2005 Memorandum and Order, the district court dismissed Mr. Hurn's § 2241 petition because the inquiry into Mr. Hurn's mental capacity and his treatment tolled the speedy trial requirements, and there was, therefore, no ineffective assistance of counsel..

We treat the district court's order as a Rule 56 grant of summary judgment and review it de novo. *Stanko v. Maher*, 419 F.3d 1107, 1111 (10th Cir. 2005). We have carefully reviewed Mr. Hurn's brief, the district court's order, and the record on appeal, and for substantially the same reasons set forth in the district court's May 6, 2005 Order, we **AFFIRM** the district court's dismissal of Mr. Hurn's petition for 28 U.S.C. § 2241 habeas corpus relief.

Entered for the Court


Monroe G. McKay
Circuit Judge

-3-